**E-FILED**
Monday, 11 September, 2006  04:06:01 PM
Clerk, U.S. District Court, ILCD

August 22, 2006
Lawrence Lingle
DHS/TDF
R.R. #1    P.O. Box 6A
Horny Branch Road
Rushville, Il. 62681

Central Dist. of Illinois
    Clerk's Office
The Honorable
    John M. Waters
U.S. Dist. Court
600 E. Monroe
    Room 151
Springfield, Il. 62701

**FILED**

SEP 0 8 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

The Hon. John M. Waters:
Please be advised that I have attempted to get a trust fund accounting and these documents copied (See Attached Exhibit 13). We have recently been moved from the DHS/TDF at Joliet to Rushville. There are no typewriters available, no copy machine for legal documents, and no trust fund computer up and running. I am immediately constrained by time limitations in Macoupin County, Illinois, Circuit Court.
Here are my documents. What do I do now?
                    Respectfully,
                    L. Lingle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**FILED**

_Lawrence Lingle_ )
)
)
)
Plaintiff, )
)
vs. )
_Barbara L. DeRochi_ )
)
)
)
Defendant(s). )

SEP - 8 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Case No. _06-3020_
(Supplied by Clerk)

## PETITION AND AFFIDAVIT FOR LEAVE
## TO PROCEED IN FORMA PAUPERIS

I, _Lawrence Lingle_, plaintiff or
petitioner, move the court for leave to proceed <u>in forma
pauperis</u> in the above-named action.  I declare under
penalty of perjury that the following facts are true:

1.  I am the party initiating this action and I
believe I am entitled to redress.

2.  I am unable to prepay the fees and costs of
this proceeding, or to give security, because of my
poverty.

3.  I am (check one) Single ___ Married ___
Separated ___ Divorced _✓_

4.  My responses to the following questions are
true:

A.  Are you presently employed in any capacity
including a paying position while incarcerated as an
inmate in a correctional center?
Yes (   )   No ( ✓ )

B.  If so, by whom, what is your position, and
what is your pay? _N/A_

C.  If not, when were you last employed and what
was your pay?  This includes prior inmate positions?
_As Laundry Room at $6 points per week._

1

D.   Have you received money from any other source,
including judgments, in the last 12 months?
Yes ( ✓ )   No (   )   If yes, describe each source and
state how much you received.
_gifts of small amount_

E.   If you are presently incarcerated, how much
money do you have in your institutional trust fund
account? ~~Sorry~~ _I am civilly detained (not punitive)_ $41.01

F.   If withdrawals were made from your
institutional trust fund account during the past 12
months, please explain when, how much, and the purpose
for which funds were used.
_personal property - commissary - last withdrawal
was 8/4/06._

G.   How much money do you have in private checking
or saving accounts?
_None_

H.   Do you own any real estate, stocks, bonds,
notes, automobiles, or other valuable property,
including audio visual equipment such as T.V.s,
stereos, etc. (except for ordinary household furniture
and clothing)? Yes (   ) No ( ✓ )

    If yes, describe the property and its approximate
value:   _N/A_

I.   Do you have any debts or obligations?
Yes (   ) No ( ✓ )

    If yes, list the amount owed, to whom, and any
current payments that you are making.
_N/A_

J.   List your dependents, state your relationship
to them, and state how much you contribute to their
support each month.  Also, state how long you have
contributed to that support and other means by which
your dependents receive support.
_N/A_

2

K.   Estimate the total amount of income or support that your dependents receive per month on an average, excluding your contributes to them.

_____N/A_____

I declare under penalty of perjury and fine that the foregoing is true and correct and that I have a continuing duty to advise the court of any changes in my financial position as stated above.

_____
SIGNATURE

_____
DATE    8/22/06

3

I am not in a prison
I am a civil detainee pending committment.
Trust fund not available at this time.

CERTIFICATE

(To be complete for prisoners only.  This is a statement
by the prison and not the prisoner.)

    I hereby certify that the plaintiff or petitioner
in this action has the sum of $_____ in his
trust account at the correctional center where he is
confined.   I further certify that the plaintiff or
petitioner has the following securities to his credit
according to the records of this institution:

_____
_____
_____
_____
_____
_____

                              _____
                              (Authorized Officer)


                              _____
                              (Institution)


                              _____
                              (Title)


                              DATE _____

IMPORTANT
(THIS CERTIFICATE MUST BE ACCOMPANIED BY A  TWELVE  MONTH
LEDGER   OF   THE   PLAINTIFF/PETITIONER'S   TRUST   FUND
ACCOUNT.)

4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| _Larwence Lingle_ ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **Case No.** _____ |
| ) | |
| _Barbara L. DeRochi_ ) | |
| _In Official and personal_ ) | |
| _capisity._ ) | |
| _____ ) | |
| **Defendant(s)** ) | |

## COMPLAINT

☑    **42 U.S.C. §1983 (suit against state officials for constitutional violations)**

☐    **28 U.S.C. § 1331 (suit against federal officials for constitutional violations)**

☐    **Other** _____

_Please note: This form has been created for prisoners but can be adapted for use by non-prisoners._

Now comes the plaintiff, _Larwence Lingle_ , and states as follows:

My current address is: _R.R. #1 - P.O. Box 6A - Horny Branch Rd. -_ _Rushville, Illinois 62681-9999_

The defendant _Barbara L. DeRochi_ is employed as _Official Court Reporter_ _____ at _Macoupin County Illinois Courthouse,_ _Carlinville, Illinois 62626_

The defendant _N/A_ , is employed as _____

_____ at _____

The defendant _N/A_ , is employed as _____

_____ at _____

The defendant _N/A_ , is employed as _____

_____ at _____

(revised **9/96**)

The defendant _____N/A_____, is employed as _____

_____ at _____

Additional defendants and addresses ___N/A_____

_____

_____

_____

For additional plaintiffs or defendants, provide the information in the same format as above on a separate page.

**LITIGATION HISTORY**

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?          Yes  ☐          No  ☒

If yes, please describe   N/A _____

_____

B. Have you brought any other lawsuits in state or federal court while incarcerated?

Civil Detainee          Yes  ☐          No  ☒  N/A

C. If your answer to B is yes, how many? N/A Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to previous lawsuit:

   Plaintiff(s)  N/A _____

   Defendant(s) _____

   _____

2. Court (if federal court, give name of district; if state court, give name of county)

   N/A _____

3. Docket Number/Judge  N/A _____

4. Basic claim made *Thal*    N/A

5. Disposition (That is, how did the case end.  Was the case dismissed?  Was it appealed?  Is it still pending?)  N/A

6. Approximate date of filing of lawsuit  N/A

7. Approximate date of disposition  N/A

For additional cases, provide the above information in the same format on a separate page.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution?  Yes ☑  No ☐   N/A

B. Have you filed a grievance concerning the facts relating to this complaint?  Yes ☐  No ☑ N/A

If your answer is no, explain why not  N/A

_____

C. Is the grievance process completed?  Yes ☐  No ☐  N/A

*PLEASE NOTE:  THE PRISON LITIGATION REFORM ACT BARS ANY INCARCERATED PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES.  PLEASE ATTACH COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.*

## STATEMENT OF CLAIM

**Place of the occurrence** *Macoupin County Court house, Carlinville, IL. 62626*

**Date of the occurrence** *Feb. 25, 2004 and ongoing*

**Witnesses to the occurrence** *Dr. Craig Shifrin, Barbara L. De Rochi, Larry Clark, Lawrence Lingle,*
State here briefly the FACTS that support your case. Describe how EACH defendant is involved.
Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims
should be raised in a separate civil action.
THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.

That plaintiff Lawrence Lingle is detained in a matter of civil commitment by order of the Macoupin County Circuit Court, #04MR06, Carlinville, Illinois, in the Department of Human Services, Treatment and Detension Facility, Rushville, IL. That this facility was recently moved from Joliet, IL. That this Rushville Facility has no type-writers available, no copy services available, and other services are limited. That this plaintiff is under time constraints by the said courts pending action. That the plaintiff herein is a poor person unable to pay court costs, fees, and is without assets. This new facility has no way to register and account the plaintiffs trust fund currently. *(see Exhib.15)* That the plaintiff is ignorant of the Law and the laws forms and procedures, and does not have access to a law library. That these conditions at the new Rushville Facility of the DHS/TDF is in fact and in practice delaying and denying this plaintiff from access, in proper form and procedure, to this honorable Court.

on Feb. 25, 2004, in the Macoupin County Circuit Court of Illinois, Carlinville, in cause In Re Lingle, #04 MR 06, under a SVP Civil Commitment Probable Cause hearing, and in the sworn testimony of one Dr. Craig Shifrin as was transcribed by Court Reporter Barbara L. De Rochi (Snodgrass); (Exhib. 8 and 9 And 5).

That From 2/25/04 to 3/30/06 the plaintiff has numerous times attempted to obtain the said probable cause hearing transcript through his court appointed (2/25/04) Attorney Larry Clark. That the said appointed Larry Clark did nothing to comply with this plaintiff's written and verbal requests to obtain said probable cause hearing transcript.

That the petitioner/plaintiff herein filed a pro se motion before the Macoupin County Circuit Court in a Motion to Dismiss on August 30, 2004, and the same marked "filed" by the court on 11/24/04 After plaintiff's complaint of filing delay (Exhib. 1).

That, after verbal censur of the plaintiff for filing pro se, the presiding Judge Joseph P. Koval, and in open court, did all the filing of the plaintiff's pro se Motion to Dismiss (Exhib. 1); and did order this issuance of said probable cause hearing transcript, and did order appointed Attorney Larry Clark to brief issues presented on or about 3/6/05.

PAGE THREE of

That this plaintiff did present supplement to said Motion to Dismiss to the Appointed attorney LARRY CLARK to file in court and brief per 3/6/05 court order, and same was never filed (Exhib. 3).

That upon the plaintiff's Repeated complaints, and Requested insistance through Appointed attorney LARRY Clark, a second court order from the bench of Justice Koval was issued for the said court Reporter BARBARA L. DeRochi (Snodgrass) to transcribe the said probable cause transcript of merely 54 pages (Exhib. 1) was issued after over a years delay.

That on or about 3/30/06 the plaintiff did finally Receive a supposed copy of the said probable cause hearing from his court appointed attorney LARRY Clark (Exhib. 4 and 5) by virtue of his attorney's first letter to him.

That upon plaintiff's Review of the Received transcription of the said probable cause hearing it was immediately and obviously apparent that there was a missing part of transcription after page 35, Line 24 and page 36, Line 1; and in other places; and this was not the full and accurate transcription of the testimony of DR. CRAIG Shifrin which made the probable cause finding unlawful and unconstitutionally void and as complained of in the plaintiff's pro se Motion to Dismiss filed over a year prior (See Exhib. 1 and 3).

This, the only missing testimony of DR. CRAIG Shifrin, made null the plaintiff's issues of law and constitution as filed pro se in Motion to Dismiss (Exhib. 1). That in material fact this said probable cause hearing Transcript, in the area of pages cited, is not complete nor accurate as certified (Exhib. 5).

That the said BARBARA L. DeRochi has sence attempted to amend the said probable cause transcript but the complained of testimony of DR. CRAIG Shifrin which voided probable cause was still not contained in this transcript.

Page four of

That the plaintiff filed in the court a letter to the court clerk regarding the missing testimony of Dr. Craig Shifrin, but only after his appointed Larry Clark refused to reply or respond to his concerns (Exhib. 6). That on or about 4/15/06 the plaintiff responded to the court clerks enquiry and directing his attention to the correct transcript.

That the plaintiff's first contact, after receipt of the said probable cause hearing transcript, with his appointed attorney Larry Clark was immediately prior to open court hearing on 6/22/06. At that time the plaintiff herein informed court appointed attorney Larry Clark of his intent to file this instant cause of action in this honorable addressed court and further the said Larry Clark and his files would be called upon as witness and material evidence in these issues and a conflict of interest would exist in his continued representation of the plaintiff. That the said Larry Clark, in confidential conferance with this plaintiff, proceeded to attempt to conf convince the plaintiff not to proceed in this instant cause. When the plaintiff was insistant in proceeding in this cause the said Larry Clark left, and without the plaintiff's presence, went immediately and directly into conferance with Judge Koval and the Assistant Attorney General prosecuting the plaintiff.

That on this 6/22/06 open court hearing the said Judge Koval did discuss on the record the substance and content of this plaintiff's confidential conferance with his court appointed attorney Larry Clark. Further that on June 22, 2006, the plaintiff was censured by Judge Koval for pro se filing and for being in participation in his own defense, and after repeated refusal of his appointed attorney to file any requested motion

Page five of

and continues to do so, in specific regards to the plaintiff's fundamental rights (such as speedy trial filing denial on 8/7/06).

That the plaintiff herein does submit to the honorable addressed court that there is sufficient cause for him to believe that due to the transcription delay, and due to direct and indirect interferance in filing and in delivery of the said transcript, and by the actions and circumstances surrounding his filing claims prior, that the plaintiff is being denied his freedom illegally and unconstitutionally in being denied fair and impartial hearing, equal protection, and due process of law by virtue of deliberate and deliberated actions of others, and/or by conspuracy of person(s) in the Illinois Attorney General's Office prosecuting and/or official actors in the court. Further, that a conserted action is being used to interfere and deny this plaintiff access to this honorable court in this cause of action.

Further the plaintiff did ask for Illinois Supreme Court review in this cause and was denied. (Exhib. 13).

Further, that this plaintiff is in need of competent appointed attorney to proceed in this cause of action.

## RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

Find and depose DR. CRAIG ShifRin. Injunctive Relief preserving evidence held by defendant BARbARA L. DeBachi, the court of Macoupin County, and attorney LARRy Clark. Expediated civil Rights violation investagation, Scientific examination of the hearing transcription and machine used. To not further than necessary deny the plaintiff's freedom. Any and all Relief deemed condusive to justice and law and constitution by this honorable addressed court

**JURY DEMAND**        Yes ☐                      No ☑

Signed this  *22nd*  day of  *August* , 19 2006.

( *Signature of Plaintiff* )

| Name of Plaintiff:<br><br>LAWRENCE LINGLE<br>Address: RR#1 - P.O. Box 6A<br>Horny Branch Road (DHS/TDF)<br>Rushville, Il. 62681 | Inmate Identification Number:<br><br>Telephone Number: |
|---|---|

Lawrence Lingle
DHS/TDF
RR 1, Box 6A
Horny Branch Road
Rushville IL 62681

Evidence
Exhibits

Exhibit No. 1

Motion to Dismiss - Notice of Mailing
    filed by Pro Se Petitioner
    (Appointed Attorney, LARRY CLARK,
    would not file)

17 pages



FILED

NOV 2 4 2004

Clerk of the Circuit Court
Macoupin County, Illinois

Respondent's Copy

Motion to Dismiss Petition
Without Probable Cause

In Re Lingle, Case No. 04 MR 6
The Honorable Justice Kouzl,
Presiding.

IN THE SEVENTH JUDICIAL CIRCUIT OF ILLINOIS
MACOUPIN COUNTY, CARLINVILLE, ILLINOIS
CIRCUIT COURT

IN RE Lingle, Respondent                    CASE No. O4 MR 6

## Motion To Dismiss Petition Without Probable Cause

Now comes Lawrence Lingle, Respondent herein, before the bar of the honorable addressed Court in the instant cause of action, who disposes and says:

1. That the respondent is not educated in the law and the law forms and procedures, and further does not have access to a law library for the purposes of participation in the respondent's own defense, and to insure the best possible defense to insure the respondent's liberty under due process guarantees and protections provided for under the Illinois and United States Constitutions.

2. That the respondent is a poor person in the said instant cause of action and is without funds nor assets to assist in the respondent's own defense before the bar of the honorable addressed Court.

3. That the respondent was to lawfully released from a sentence of 40 years plus 3 years parole (MSR) on February 19, 2004, as issued and ordered by this honorable addressed Court.

4. That the Illinois Attorney General filed a delayed petition, giving the respondent no opportunity to prepare nor respond, on or about February 13, 2004, with service of summons and a copy of Petition under the Sexually Violent Persons Act, 725 ILCS 207, at about 3:00 pm.

Page One of

5. That on or about February 17, 2004, at about 2:30 PM the Respondent appeared before the bar of the honorable Court for probable cause hearing, and as a poor person; and the Court appointed attorney William Hebron; Further the said continuence granted was until February 25, 2004; Further, the Respondent delivered to the hand of the said William Hebron certain documents in writing and did verbally inform that the respondent did wish to fully challenge any probable cause hearing in the instant cause by virtue of guaranteed and protected Rights in due process, to participate in the Respondent's own defense, and in the best possible defense under the Illinois and United States Constitutions, and in challenge to this said deprivation of the Respondent's liberty.

6. That on February 19, 2004, this honorable Court appointed attorney William Hebron and allowed to withdraw as Respondent's counsel, and appointed attorney Larry Clark, without the respondents participation, nor knowledge, nor presence in Court.

7. That on February 25, 2004, at about 3:00 PM, the Respondent appeared before the honorable addressed Court, by Order, for probable cause hearing.

8. Further, that prior to respondents appearance in the honorable Court on this date, and at about 2:30 PM, the Respondent was first informed and first met with the Respondent's new appointed attorney, Larry Clark.

9. Further, at the Respondent's said first meeting with newly appointed attorney Larry Clark, the Respondent informed the said Larry Clark that he wished to fully challenge a probable cause hearing and tendered to his hands written documents, again, to that information.

10. Further, the appointed attorney LARRY CLARK, in open Court, objected to a probable cause hearing at that time, and due to inexperience in the SVPAct and due to just meeting the Respondent, and due to not being prepared for the defense in this probable cause hearing, and all of which the court over-Ruled and proceeded with probable cause hearing and finding.

11. Further, that the Assistant Attorney General prosecuting in this cause called one witness, Dr. CRAIG SHIFRIN.

12. Further, the Respondent, due to not being prepared to challenge in defense, and directly due to the Attorney General's delay in filing of petition, and the Respondent being held incommunicado in Segragation isolation from the time of service by the IDOC, and due to the Court Ordered detention and being held in isolation by the Department of Human Services (DHS), and thereby was without defense nor witnesses; and thereafter this honorable Court found probable cause in this instant action.

## ISSUE ONE

THAT THE STATE OF ILLINOIS WAIVED INVOLUNTARY CIVIL COMMITMENT IN THE RESPONDENT'S CAUSE, (AND CONVICTED THE RESPONDENT IN CRIMINAL COURT WITH a sentence of 40 years plus 3 years parole under mittimus numbers 82 CF 63 AND 82 CF 127), BY NOT FILING UNDER THE SEXUALLY DANGEROUS PERSONS ACT (SDP), 725 ILCS 205, PRIOR TO THE SAID SENTENCE.

## ISSUE TWO

THAT THE STATE OF ILLINOIS WAIVED INVOLUNTARY CIVIL COMMITMENT, SDP Act (725 ILCS 205), (between the time of the Respondent's ARREST AND CRIMINAL CONVICTION UNDER mittimus NUMBERS 82 CF 63 AND 82 CF 127), AND THEREAFTER EVALUATED THE RESPONDENT FOR INVOLUNTARY CIVIL COMMITMENT

Page Three of

## ISSUE TWO (CONT.)

UNDER THE SVP ACT (725 ILCS 207) AT HILL CORRECTIONAL CENTER BY
DR. ANTHONY T. SCHAAB IN JULY 2002 WITHOUT FINDING CAUSE FOR
INVOLUNTARY CIVIL COMMITMENT, AND IS UNLAWFUL AND UNCONSTITU-
TIONAL UNDER THE ILLINOIS AND UNITED STATES CONSTITUTION(S).

## ISSUE THREE

THAT THE STATE OF ILLINOIS WAIVED INVOLUNTARY CIVIL COMMITMENT OF THE RESPONDENT
UNDER THE SDP ACT (725 ILCS 205), (between the time of the RESPONDENT'S ARREST and
CONVICTION UNDER mittimus numbers 82 CF 63 and 82 CF 127), AND THEREAFTER
EVALUATED THE RESPONDENT FOR INVOLUNTARY CIVIL COMMITMENT UNDER THE SVP
ACT (725 ILCS 207) AT BIG MUDDY CORRECTIONAL CENTER IN JANUARY 2004 BY DR.
CRAIG SHIFRIN, AND THEREAFTER FILED PETITION IN THE INSTANT CAUSE AS
UNCONSTITUTIONAL ACTION ALREADY WAIVED BY THE STATE.

## ISSUE FOUR

THE INVOLUNTARY CIVIL COMMITMENT UNDER THE SDP ACT (725 ILCS 205) AND
THE SVP ACT (725 ILCS 207) ARE BOTH CIVIL ACTS OF LAW WHICH ENCOMPASS
THE SAME CRIMES, AND THE SAME TREATMENT PROTOCOLS, AND IN LEGAL AND
ACTUAL AND REAL EFFECTS THAT ENCOMPASS THE SAME CIVIL AND
CONSTITUTIONAL DEPRIVATION OF LIBERTY, AND ARE DUAL PROCESSES OF
LAW IN THE RESPONDENT'S CAUSE OF ACTION, AND ARE UNCONSTITUTIONAL
AS ALREADY WAIVED BY THE STATE.

1. That on May 17, 1982, the respondent was arrested and
held, And on January 10, 1982, the respondent was convicted by this
honorable Court in cause numbers 82 CF 63 and 82 CF 127 and was
thereby sentenced to 40 years and 3 years parole.

2. That prior to said sentencing of the respondent the state of Illinois
had involuntary civil commitment available to them and the sentencing Court under,
SDP Act, 725 ILCS 205, and waived said involuntary civil commitment by not filing
petition at that time.

Page Four of

2. That the Respondent served full lawful sentence and parole in the said criminal action and was due for release on February 19, 2004.

4. That on February 13, 2004, the State of Illinois filed Petition for involuntary civil commitment under the SVP Act, 725 ILCS 207, and for the Respondent's detention at Joliet Correctional Center Annex, Joliet, Illinois, by the Department of Human Services (DHS).

5. That on or about July 2002 the State of Illinois had the Respondent evaluated by Dr. Anthony T. Schaab for the failed purpose of involuntary civil commitment under the said SVP Act.

6. That the issue(s) stated fall under constitutionally protected and guaranteed rights in due process against a naturally born citizen Rights against deprivation of liberty; and further does invoke these said constitutional protections and guarantees, with others, a specific to the Illinois and United States Constitution(s) in a unconstitutional "second shot" by the state in the Respondent's continued denial of liberty, and as set by this honorable Court in due process.

7. That this "second shot" filing by the State of involuntary civil commitment under dual process, SDP Act (725 ILCS 205) and SVP Act (725 ILCS 207), and/or filing in and of itself, in this said "second shot" filing is in violation(s) of the protections and guarantees, and under due process/double jeopardy/inalienable Rights primary to the Illinois and United States Constitutions.

## ISSUE FIVE

THAT MANDATORY LANGUAGE; AND IN TIME LIMITATIONS, BY LEGISLATIVE ACT PLACES REQUIREMENT UPON THE STATE TO STRICKLY ADHERE TO THOSE INSTRUCTIONS AND/OR TIME LIMITATIONS; AND FURTHER TO DISMISS

## ISSUE FIVE (CONT.)

CAUSE NOT MEETING SAID MANDATORY LANGUAGE LEGISLATIVE INSTRUCTI
AS A VIOLATION OF RESPONDENT'S CONSTITUTIONAL RIGHTS, PROTECTIONS,
AND GUARANTEES, AND IN DEPRIVATION OF LIBERTY, AND IN DUE PROCESS.

## ISSUE SIX

THAT THE FILING OF THE STATES PETITION FOR INVOLUNTARY CIVIL
COMMITMENT OF THE RESPONDENT ON FEBRUARY 13, 2004, EXCEEDS CIVIL
LAW STATUTORY FILING TIME LIMITATIONS OF THREE (3) YEARS.

1. That on or after the 17th day of May, 1982, the Respondent wa
arrested and held in custody and in Macoupin County, Illinois, under
Cause Nos. 82CF63 and 82CF127.

2. That at no time between the said dates of arrest and date
of conviction of the Respondent on January 10, 1983, did the State of
Illinois file for involuntary civil commitment of the Respondent that
was available to the state under the SDP Act, 725 ILCS 205, at that time

3. That the state waived involuntary civil commitment of the respondent,
under either the SDP Act (725 ILCS 205) or under the SVP Act (725 ILCS 207), by
virtue of the Illinois mandatory language in civil law statutory time limitation
of three (3) years, which Illinois criminal law did not stop, (because the
Respondent's whereabouts was known to the state), under Illinois civil statutes
and Illinois and United States Constitutions.

## ISSUE SEVEN

THAT THE RESPONDENT DID, UNDER RIGHTS TO BEST POSSIBLE DEFENSE AND TO
PARTICIPATE IN RESPONDENTS OWN DEFENSE AND IN DUE PROCESS PROVISIONS
IN ILLINOIS AND UNITED STATES CONSTITUTIONS, VERBALLY AND IN WRITING
REQUEST BOTH HIS COURT APPOINTED ATTORNEYS TO FULLY CHALLENGE PROBABLE
CAUSE HEARING AND FINDING IN THE INSTANT CAUSE OF ACTION WITHIN THE CIVIL
LAWS MANDATORY LANGUAGE OF STATUTORY TIME RESTRICTIONS FOR HEARING AND
REHEARING AND APPEAL.

Page Six of

<u>ISSUE EIGHT</u>

THAT IF MANDATORY LANGUAGE IN STATUTORY PROVISION LIMITS THE RESPONDENTS DEFENSE AND IN FAVOR OF THE STATE, THEN THE SAME SAID LANGUAGE LIMITS THE STATE IN FAVOR OF THE RESPONDENT'S DEFENSE BY VIRTUE OF FAIR AND IMPARTIAL HEARING RIGHTS, PROTECTIONS AND GUARANTEES IN ILLINOIS AND UNITED STATES STATUTORY AND CONSTITUTIONAL PROVISIONS.

1. That the honorable Court did RECOGNIZE the Attorney General's delay in filing the instant petition for involuntary civil commitment under SVP Act, 725 ILCS 207, IN OPEN COURT, AND IN AND during the probable CAUSE HEARING of RESPONDENT on FEBRUARY 25, 2004.

2. That between FEBRUARY 13, 2004, the date of the State's filing of instant petition, and February 19, 2004, RELEASE from sentence date of the RESPONDENT, and the RESPONDENT was held in isolation segregation, without CAUSE, at Big Muddy CORRECTIONAL Center as A PART of the Illinois Department of CORRECTIONS, to and in the effect to deny the RESPONDENT to PREPARE and PARTICIPATE in the RESPONDENT's defense.

3. THAT, between FEBRUARY 19, 2004, on the RELEASE date in completion of sentence and parole of the RESPONDENT, AND on that date the RESPONDENT's transfer under the honorable Court's ORDER by CAUSE of said petition by the Attorney General to DHS detention facility for custody, and the said February 25, 2004, date of the said probable cause hearing date in this instant cause, the RESPONDENT was further held isolated by the DHS, and in effect to deny the RESPONDENT opportunity to PREPARE and PARTICIPATE in RESPONDENT's defense, and in denial of the RESPONDENT's best possible defense.

4. That the Respondent did inform court appointed attorney William Hebron, in writing and verbally, that in due process participation in Respondent's own defense, and in Respondent's best possible defense that the Respondent wished to fully challenge any probable cause hearing and finding.

5. That on February 17, 2004, the Respondent did verbally advise and delivered to Court appointed attorney William Hebron, the following hand written documents for filing before the bar of this honorable Court:

A). Motion for Subpeona of Records

B) Petition to Dismiss or Motion to Quash/Exclude/Suppress

C) Affidavit

D) Motion to Dismiss Without Probable Cause

E) Probable Cause Arguement (I)

F) Affidavit

G) Information on Cause to Attorney

H) Probable Cause Arguement (II)

J) Change of Venue Notation

K) Motion to Change Venue

L) Letter Motion

M) Motion to Maintain Records

N) Verbal Motion to Dismiss Without Probable Cause.

6. That on February 25, 2004, the newly appointed counsel of the Respondent, Larry Clark, did have possession of all of the above listed documents from the said William Hebron.

7. That none of the afore listed documents, inclusive of those regarding challenge to probable cause hearing and finding, were ever filed to this date by by either court appointed attorney for the Respondent.

8. That the Respondent has written to court appointed attorney Larry Clark Repeatedly from the date of probable cause hearing and did ask Larry Clark to challenge or appeal the honorable Court's probable cause, and due to the fact that probable cause hearing and finding was made, and same was unlawful or uncon-stitutional; and further, thereby if no probable cause finding can be ruled the the effect on the Respondent's trial would be to dismiss without probable cause and to dismiss cause of action; and further, the following dated letters to appointed attorney Larry Clark from the Respondent and stated that the Respondent wished action taken to challenge probable cause and/or in appeal to probable cause finding, with specified causes, and as follows:

A) Letter dated February 27, 2004.

B) Letter dated March 1, 2004.

C). Letter dated March 6, 2004.

D) Letter dated March 11, 2004.

E) Letter dated March 11, 2004.

F) Legal Arguement dated March 11, 2004.

G) Motion to Dismiss Without Probable Cause (March 11, 2004).

H) Letter dated March 17, 2004.

I) Letter dated March 25, 2004.

J) Letter dated June 1, 2004.

9. Further, to this date the Respondent has had two (2) short phone calls with the said Larry Clark, without Responses to mail, information, or other Requests for copies being made.

10. That the Respondent has Repeatedly requested his court appointed attorneys to file challenge and appeal to the honorable Courts probable cause finding on February 25, 2004, and inclusive of Rationale and findings, and without Action or Response by the said appointed Attorneys.

11. That the respondent did make such requests to court appointed attorneys to challenge and appeal the probable cause hearing and finding within the statutory time limits of 30 days.

12. That the respondent's appointed attorney LARRY CLARK presented to this honorable Court and in open Court that the respondent and respondent's attorney was unprepared for defense due to time restrictions and the late appointment of respondent's attorney, and at the said probable cause hearing on February 25, 2004.

13. Therefore the respondent should be allowed by this honorable Court to challenge and/or appeal probable cause finding by this Motion before this honorable Court, by the honorable Court, and no probable cause order issued, and order for the immediate, if late, release of the respondent be issued by the honorable Court.

## ISSUE NINE

THAT THE SVP ACT, 725 ILCS 207, PROVIDES FOR A 72 HOUR MANDATORY LANGUAGE TIME LIMITATION BETWEEN FILING OF THE STATES PETITION FOR INVOLUNTARY CIVIL COMMITMENT AND IN PROBABLE CAUSE HEARING, 725 ILCS 207/30 (b), UNDER THE LAW;

## ISSUE TEN

FURTHER, THAT THE SVP ACT, 725 ILCS 207, PROVIDES FOR A MANDATORY LANGUAGE TIME LIMITATION TO ANY CONTINUANCE OF SEVEN (7) DAYS, 725 ILCS 207/30 (b), AFTER THE SAID 72 HOURS UNDER THE LAW; AND FURTHER, ANY ACTION IN THE STATES PETITION BEYOND THE MANDATORY LANGUAGE TIME LIMITATIONS IS UNLAWFUL AND UNCONSTITUTIONAL IN PROBABLE CAUSE; AND THE CAUSE OF ACTION MUST BE DISMISSED, AND THE RESPONDENT MUST BE ORDERED RELEASED FROM CUSTODY OR DETENTION IMMEDIATELY.

1. That the respondent was served summons and a copy of the state's petition for involuntary civil commitment under the SVP Act, 725 ILCS 207, on February 13, 2004, at approximately 3:00 PM.

Page Ten of

2. That the respondent appeared before the honorable addressed Court for probable cause hearing in this instant cause on February 17, 2004, and at about 1:30 PM.

3. That as expressed in the mandatory language in time limitations in the said SVP Act, and the state's petition in probable cause was not heard within the mandatory permitted 72 hours of the filing of said petition and before the Court by respondent.

4. That, in fact, the February 17, 2004, hearing in cause of action of probate cause was heard after 94 hours of filing of the said states petition, and contrary to the mandatory language limitations under this said SVP law.

5. That therefore, probable cause could not be lawfully and constitutionally found in the instant cause of action, and this said cause could not proceed to trial with a no probable cause finding, and the respondent should have been ordered released from custody at the expiration of respondent's sentence on February 19, 2004.

6. That this cause of action was issued order of continuance on February 17, 2004, and until February 25, 2004, in open court and with the Attorney General's knowing acquience with full knowledge of the law and as an attorney practicing and filing under the said SVP Act for the state.

7. That the respondent appeared before the bar of the honorable addressed Court in probable cause hearing on February 25, 2004, and was contrary to the statutory and mandatory language time limitations in instant cause and this said hearing was beyond the seven (7) days of mandatory limitation in continuance allowed by the said SVP Act and the hearing was the eighth (8) day of continuance so ordered in the instant cause.

8. That by virtue of the violations of mandatory language in said time limitations that no probable cause could be found in the instant cause, and the instant cause must be dismissed.

9. That without a lawful and constitutional finding of probable cause in the instant cause then the respondent cannot be lawfully and constitutionally deprived of the respondent's past due liberty; and further the respondent cannot be lawfully and constitutionally held for trial in the instant cause; and the said Attorney General, as a practicing attorney and in filing of instant cause petition, did and in open court fully and knowingly acquience to the said continuence to the said February 25, 2004, probable cause hearing.

10. That due to the violation(s) of this mandatory language of the said SVP Act, 725 ILCS 207, and in specified time limitation(s) as applicable to this instant cause, and therefore there can be no probable cause found.

11. And further, that the honorable addressed Court should issue an order for the respondent's immediate release from custody and detention.

12. And further, that the honorable addressed Court to order a cease and desist upon the Attorney General in refiling and/or appeal in any petition under the said SVP Act and which would further and in the future deprive the respondent of his liberty and freedom and as without cause, and thereby allow the respondent to immediately and in the future travel from the state of Illinois.

## ISSUE ELEVEN)

THAT THE STATE'S EVALUATION AND BASED SOLELY ON THE PAST RECORD DOES NOT ESTABLISH THAT A PERSON HAS A MENTAL DISORDER AS A BASIS OF PETITION NOR WILL EVALUATION SUPPORT PROBABLE CAUSE FINDING OF MENTAL DISORDER UNDER THE SVP ACT, 725 ILCS 207/35(e), AND IS SO SPECIFIED IN THE MANDATORY LANGUAGE OF THE SAID SVP ACT, AND STATUTORY PROVISION AS ESTABLISHED BY THE INTENT OF THE ILLINOIS STATE LEGISLATURE.

1. That to establish that the Respondent was eligible for involuntary civil Commitment with a mental disorder under the said SVP Act the Attorney General did file petition based on the evaluation of the Respondent by Dr. Craig Shifrin.

2. That the said Dr. Craig Shifrin filed evaluation results which were direc Result and cause of Action to petition in this honorable Court for involuntary civil commitment under the SVP Act, 725 ILCS 207, and were the only evaluation evidence offered by the Attorney General for the finding of probable cause in the instant Action at that time.

3. That on February 25, 2004, and before the bar of the honorable Addressee Court, the said Dr. Craig Shifrin did testify, and under oath, in the Respondent's instant cause at probable cause hearing.

4. That the said Dr. Craig Shifrin did repeatedly testify at the said probab cause hearing that Dr. Craig Shifrin based his evaluation and resulting recommendation for involuntary civil commitment of the Respondent "solely" on the Respondent's past record.

5. That such said finding is not lawful proof of the Respondent having a mental disorder and making him eligible for said petition; and therefore will not support a finding of probable cause, nor establish before the bar of the honorable Court and in law that the Respondent has a mental disorder, and which does not support the Respondent being eligible for involuntary civil commitment under the SVP Act, 725 ILCS 207/35(e), now.

6. That the finding of probable cause in the instant action, and as the probable cause's sole basis of the state's petition by virtue of Dr. Craig Shifrin's evaluation and testimony is not supportable under the law.

Page Thirteen of

7. That without lawful and constitutional finding of probable cause on February 25, 2004, in the instant action has the effect as to deny further action upon the Attorney General's petition, and to dismiss cause of action, and to release immediately the Respondent from this state.

### ISSUE TWELVE

THAT THE SAID SVP ACT, 725ILCS 207, IS IN NAME A CIVIL LAW, AND BY LEGISLATIVE ENACTMENT PROVIDES FOR CRIMINAL LAW PROTECTIONS AND PROCEDURES, AND THEREFORE IS LEGISLATIVELY AND/OR JUDICIALLY RECOGNIZABLE AS AND IS A PUNITIVE LAW IN ACTUAL SPIRIT, INTENT AND PRACTICE; AND FURTHER, THE SAID SVP ACT, WITH THE INHERANT LEGISLATIVE AND POLITICAL SEMATICS OF DUAL LAW, IS UNCONSTITUTIONAL UNDER THE ILLINOIS AND UNITED STATES STATUTORY AND CONSTITUTIONAL PROVISIONS.

1. That law, in and under the Illinois statutory and constitutional provisions, and in and under United States statutory and constitutional provisions, must be not vague, unambiguous, not arbitrary, not capricious, not discriminatory, and the spirit and intent of the law must be clear.

2. That the Illinois legislature and in enacting the said SVP Act, 725 ILCS 207, did enact in an unclear and ambiguous law, and which is punitive, or discriminatory, and that is applied selectively, and deliberate as a political tool, and is applied in an arbitrary and capricious manner by the Attorney General, and was enacted under political and legislative sematics that leaves unclear even if the law is civil or criminal in nature and practice and procedure.

3. That historically state and federal legislatures have been constitutionally mandated to enact law which is clearly civil or criminal in nature.

Page Fourteen of

4. That this demarcation between civil and criminal law was and is for the purpose of preventing sematically ambiguous, selectively punitive, politically motivated, and constitutionally abhorent hybred law, and guarantee the enactment of law which fully protects every individuals rights, protections, and guarantees as provided for and to each individual before the bar of a court in the United States of America, in a fair and impartial manner, and which is consistant with due process, and not spawning further unconstitutional law.

5. That any application of the said SVP Act to the respondent, to deprive the respondent of the respondent's freedom and liberty, is without due process by virtue of application of unconstitutional law.

6. That therefore the said SVP Act, in enactment and in application, is unlawful and unconstitutional in practice and application to the respondent under the Illinois and United States statutory and constitutional provisions.

WHEREAS THAT the issues presented to the honorable addressed Court are not issues of trial strategy, but said issues presented are issues of law and constitutions.

WHEREAS THAT the respondent prays that the honorable addressed Court to issue ORDER for the respondent's immediate and unconditional Release from custody and/or detention based upon one or more of the aforesaid issues presented.

Respectfully submitted:

LaBrence/Tingle, DHS/TDF
401 S. Woodruff Road
Joliet, Ill. 60432
Dated: August 13, 2004.

PAGE SIXTEEN

### Notice of Mailing

That I, Lawrence Lingle, did mail by and in proper U.S. Mail receptical at his address and place of detention, as so ordered, and that he did mail One original and three copies of the attached "Motion to Dismiss Petition Without Probable Cause" with attached "Affidavit" to the Honorable Clerk, Macoupin County Circuit Court, P.O. Box 197, Carlinville, Illinois, 62626-0197, and mailed one copy of same to Joyce Wubker, Asst. Attorney General, 500 South Second, Springfield, Illinois, 62706, on the 14th day of November, 2005.

Exhibit No. 2

Docket Entry dated 11/29/04

2 pages

# MIKE MATHIS

**Circuit Clerk of Macoupin County**
**217-854-3211**



MACOUPIN COUNTY COURTHOUSE
POST OFFICE BOX 197
CARLINVILLE, ILLINOIS 62626-0197
FAX 217-854-7361

COPY

December 2, 2004

Lawrence Lingle                          Dr. Larry M. Davis, M.D.
#A01397                                  1431 North Delaware Street
c/o Dept. of Human Services              Indianapolis, IN  46202
104 Woodruff Road
Joliet, IL  60432

Larry Clark
Attorney at Law
209 North East Street
Suite 104
Carlinville, IL  62626

Joyce Wubker
Assistant Attorney General
500 South Second Street
Springfield, IL  62706

RE:  2004-MR-6    People of the State of IL  vs. Lingle

Notice to the Above:

    Please be advised that the attached is a copy of a docket entry
made and entered of record by the Honorable Judge Joseph P. Koval
on November 29th and 30th, 2004:


                        "SEE ATTACHED"



Sincerely,

Mike Mathis
Circuit Clerk


MM:jkh

rendered presented and approved in the amount of $783.50. Clerk to deliver claim to Virginia Anderson for payment by County Board. Court reminds all parties this claim may be reimburseable for the sexual offenders management board of the State of Illinois. Clerk to forward copy of docket entry to defendant, AAG Joyce Wubker and attorney Larry Clark.

8/20/04: People's Supplemental Disclosure to Respondent filed by AAG

8/26/04 JPK lr (ls)   Cause called for pre-trial conference. Present AAG Joyce Wubker on behalf of People; defendant in custody of Dept. Of Human Services and with his attorney, Larry Clark. Motion for continuance on behalf of defendant. Motion allowed. Jury trial set September 7, 2004 is cancelled. Cause reset for pre-trial conference on November 4, 2004 at 1:15 p.m. A jury trial setting will be set at the pre-trial conference. Defendant remanded to the custody of Dept. Of Human Services. Clerk to forward copy of docket entry to defendant, attorney Larry Clark and AAG Wubker.

8/26/2004  State's Request To Produce Pursuant to Supreme Court Rule 413 filed by AAG Hurley.

/10/04 JPK cc (vla)
  People's Supplemental Disclosure to Respondent filed of record by People.

9/16/04:  People's supplemental disclosure to Respondent filed by AAG Wubker

0/6/04 JPK (LWatt)(ls)  People's Supplemental Disclosure To Respondent presented and filed of record.

11/4/04 JPK lr (vla)  Cause called for pre-trial conference. Present in court People by Joyce Wubker, AAG; also present the defendant in custody of Department of Human Services with his attorney, Larry Clark. Motion for continuance by the defendant. Motion allowed. This cause is set for further pre-trial conference on March 11, 2005, at 9:00 a.m. Order for Habeas Corpus entered by the court and delivered to representative of the Illinois Department of Human Services, requesting that Mr. Lingle be returned to court March 11, 2005, at 9:00 a.m. Clerk directed to forward copy of docket entry to defendant, AAG Joyce Wubker, Attorney Larry Clark and Department of Human Services.

1.4.04 Certificate of Service filed by Michael S. Anthis.

11/18/04  People's Supplemental Disclosure to Respondent filed by AAG Wubker.

1.23.04 Summons returned marked served 2.13.04.

11/29/04 JPK (LWatt)(ls)  Notice Of Mailing, Affidavit, Motion To Dismiss Petition Without Probable Cause presented and filed of record. Clerk to forward copy of said documents to attorney Larry Clark. Since Lawrence Lingle does not have an attorney, the Court advises defendant these documents should be presented to his attorney and not thru the Court. Clerk to forward copy of docket entry to Lawrence Lingle. Attorney Clark to take whatever action he deems appropriate. Clerk to forward copy of docket entry to AAG Joyce Wubker.

EXHIBIT No. 3

Letter to LARRY CLARK dated 3/6/05
Motion to Dismiss Supplement dated 3/6/05 (ignored)

7 pages

March 6th, 2005
Lawrence Lingle, DHS
401 S. Woodruff Rd.
Joliet, Il. 60432

Mr. Larry Clark
Attorney at Law
209 North East Street
Suite 104
Carlinville, Il. 62626

Ref: In Re Lingle,
     # 04 MR 6.

Mr. Clark:
     Please find enclosed 4 copy(s) of a suppliment
to my filed Motion to Dismiss Petition that
I wish filed with the Court immediately. It
is my guess that the A.G. will now start
to push us into trial before we are
prepared. Please forward A.G.'s copy.
     I was supposed to appear in Court on
March 4th but was not taken there.
When is my next court date?
It is my intent to preserve these issues
which my freedom and life may depend.
I do not have anywhere to go if I get
committed and later released. I spent
far to long in prison and I am alone now.
If this upsets you then I am sorry, but
I could not continue to wait and lose
the chance to preserve them.
                              (OVER)

MAy GOD bless and watch over you and
yours.

Sincerely,

IN THE SEVENTH JUDICIAL CIRCUIT OF ILLINOIS
MACOUPIN COUNTY CIRCUIT COURT
CARLINVILLE, ILLINOIS

IN RE LAWRENCE Lingle,              Cause No. 04 MR 6
    Respondent.                   Chief Justice Koval, presiding.

### Addition to
### Motion to Dismiss Petition Without Probable Cause
### Filed November 24, 2004

Now comes Lawrence Lingle, Respondent herein; and before the honorable addressed Court, and in the instant said cause of action, who disposes and says:

That the following and afore-stated issues are a matter of law and constitution under the Illinois and United States constitution(s) and Illinois statutory provisions, and are therefore a matter of law and constitution, and in the loss of inalienable right of liberty, and in the right to due process of law, as before this honorable Court in this instant cause.

That the respondent's court appointed attorney has ~~XXXX~~ not responded to the said issues presented, as requested by the Respondent, nor to preserve same said issues under the law, and the law's procedures and practice.

Page 1 of 6

ISSUE THIRTEEN:

That the Illinois Sexually Violent Persons Act, (SVP Act), 725 ILCS 207, has been legislatively changed to mean harsh treatment and changed so often as to be punitive# in nature and practice, and is violative of due process of law.

Issue Fourteen:

That the said SVP Act, and in its current and/or future legislative enactment, and thus said SVP Act is both ## judicially and/or constitutionally fundamentally unfair in practice and nature, and in denial of the guaranteed individual freedoms and liberty, and in due process of law.

Issue Fifteen:

That this SVP Act, and in its nature and practice is constitutionally violative, and is discriminatory, and is in violation of due process of law, and being fundamentally unfair in practice and hearing. Further, that the said SVP Act does discriminate and deals far more harshly with the specified "sex offenders" class of persons under the law, and does deprive those said class of persons, while numerically small, of due process of law, and fair and impartial judicial considerations and hearing; and due to harsher discriminatory legislative enactment, and than the law and constitution) allow; and further is harsher than the law allows in comparison to all

Page 2 of 6

classes of specified offenders under Illinois statutory provisions. Futher, that the said class of persons are a group of persons classed by law, and being subjected to unfair, biased treatment by political, social, judicial, and legislative acts applied in a discriminatory manner under color of the law, and under the color of the Illinois and United States Constitution(s), and in deprivation of guaranteed civil and constitutional rights, and liberty, and freedoms, and is violative of due process of law.

ISSUE SIXTEEN:

That the said SVP Act was enacted after the Respondent's sentencing for the crimes of conviction that placed the Respondent under the said SVP Act. Further, the said SVP Act was enacted after the Respondent entered into a "specified sentence deal for a guilty plea" with the state of an extended term sentence under Illinois statutes of 40 years plus 3 years parole, and that no part of the SVP Act was a part of the sentencing agreement, and the Respondent would not have accepted any such agreement if the Respondent had known or been under the said SVP Act. That further, the state of Illinois had available to them the option of civil commitment under the alike Sexually Dangerous Persons Act, and Later

Page 3 of 6

was enacted the alike Sexually Violent Persons Act, (SVP Act), and the state did not avail the said SDP Act civil commitment prior to the respondent's sentencing. Futheri, the respondent did complete, under statutes, in full the said 40 years of sentence plus 3 years parole, and has not sence been charged, found, nor sentenced in any criminal cause of action. And further, the said SDP Act civil commitment was an available option to the state at the time of the respondent's said sentencing for the crimes which now place him under the alike and said SVP Act civil commitment. That further, the continuation of sentencing term and/or further denial of the respondent's liberty under the thought crimes, SVP Act, is fundamentally unfair in the Respondents cause under due process of law, under the Illinois and U.S. Constitution(s); and further, may be a multiple jeopardy in the further denial of the respondent's liberty.

That the afore-stated Lawence Lingle does state under oath that these and other issues of law and constitution have been

Page 4 of 6

denied hearing before the honorable addressed Court through no fault of the Respondent and directly due to the said Respondent being denied access to the Court in these said issues of law, and of state and federal constitutions as afore-stated in this attachment of the original Motion to Dismiss Petition Without Probable Cause and "Addition to "Suppliment as filed now in this said honorable Court.

That thereby this said Respondent does pray the honorable addressed Court to file and hear the original said motion and this attached addition to same.

That the Respondent does enclose three (3) copy(s) of the enclosed and attached Addition to Motion to Dismiss Petition Without Probable Cause suppliment and shall forward same to the honorable addressed Court; and one (1) copy of same to Joyce Wubker, Asst. Attorney General, 500 S. Second Street, Springfield, Illinois, 62706; and one (1) copy of same to Larry Clark, Attorney at Law,

Page 5 of 6

209 North East Street, Suite 104, Carlinville, Illinois, 62626; all copy(s) sent by United States mail on the 6th day of MARCH, 2005, and all through his attorney LARRY CLARK.

Respectfully submitted:

Lawrence Lingle, DHS
401 S. Woodruff Road
Joliet, IL. 60432

**E-FILED**
Monday, 11 September, 2006  04:07:02 PM
Clerk, U.S. District Court, ILCD

*Exhibit No. 4*

1st Letter received from Court appointed attorney, LARRY Clark (between 2/25/04 And 3/30/06

1 Page

209 North East Street
Suite 104
Carlinville, Illinois 62626
Phone: 217-854-5414

## LAW OFFICES OF LARRY F. CLARK

Attorney and Counselor at Law

FAX: 217-854-LAWS

Larry F. Clark
Licensed in Illinois and Colorado

March 30, 2006

Mr. Lawrence E. Lingle
401 Woodruff Road
Joliet, IL  60432

    Re:  Lawrence e. Lingle

    Dear Lawrence:

    Have finally received the transcript from original probable cause hearing which I enclose for your review and analysis.  Also I enclose discovery materials from  counsel, Asst AG Matthew Hoppock plus letter regarding apparently the importance placed on the program by the State of Illinois in its underfunding appropriations for Respondents under the SVA proceedings.

    We may be able to meet in mid-April at "your place."

Sincerely,

Larry F. Clark

*Never showed up again - L.F.*

LFC:adc

Exhibit No. 5

Partial Transcript of probable Cause hearing
in Cause No. 04 MR 6
Sworn and certified to be Accurate and
complete

Note: Page 35, Line 24.
Page 36, Line 1
Certification
Face Sheet

Page 1
Page 35
Page 36
Page 54

4 pages

```
 1        IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT

 2                   MACOUPIN COUNTY, ILLINOIS

 3

 4     PEOPLE OF THE STATE OF,    )
       ILLINOIS                   )
 5                                )
                Plaintiff,        )
 6                                )    Case no. 2004-MR-6
            vs.                   )
 7                                )
       LAWRENCE LINGLE,           )
 8                                )
                Defendant.        )
 9

10                   PROBABLE CAUSE HEARING

11        REPORT OF PROCEEDINGS of the hearing before the

12     Honorable JOSEPH P. KOVAL, Circuit Judge, on the

13     25th, day of February, 2004.

14

15        APPEARANCES:

16        MS. LISA MADIGAN,
             Attorney General, by
17        MS. DELORES HURLEY,
             Assistant Attorney General, for the People
18           Of the State of Illinois.
          MR. LARRY CLARK,
19           attorney for the Defendant.

20

21

22     Barbara L. DeRochi, CSR
       Official Court Reporter
23     Macoupin County Courthouse
       Carlinville, IL  62626
24     License No. 084-002262
```

```
 1                          INDEX

 2    WITNESSES          DIRECT   CROSS  REDIRECT   RECROSS

 3    Dr. Craig Shifrin  7        34

 4

 5

 6

 7                        EXHIBITS

 8    NUMBER                      MARKED    RECEIVED

 9

10

11

12

13                  P R O C E E D I N G S

14         THE COURT:  04-MR-6, In Re The Commitment of

15    Lawrence Lingle.  Cause called for probable cause

16    hearing.  Present we have People by Delores Hurley.

17    Also present Lawrence Lingle.  He's in custody of

18    Department of Human Services at this point --

19         MS. HURLEY:  Yes, Your Honor.

20         THE COURT:  -- with his attorney Larry Clark.

21         THE COURT:  Are you ready to proceed?

22         MS. HURLEY:  People are ready, Your Honor.

23         THE COURT:  Are you --

24         MR. CLARK:  Your Honor, first I would request
```

1     that Mr. Lingle, with the Court's leave, could be

2     uncuffed at least his hands free for purposes of

3     sitting.

4          THE COURT:  Whoever has brought him here,

5     they have the security.  If they feel comfortable,

6     fine.  I leave that security up to the people who

7     provide it.

8          MR. CLARK:  Thank you.

9          THE COURT:  Folks, you don't have much time

10    this afternoon.  You know it's three.

11         MR. CLARK:  Secondly, Your Honor, for the

12    record, I would like the Court -- to indicate I'm

13    appointed counsel and  received the file less than

14    24 hours ago.  The file sets as it is, a copy of the

15    petition basically and the order of confinement.

16         THE COURT:  Yep.

17         MR. CLARK:  I've met Mr. Lingle just since

18    about 1 o'clock within the last hour.

19         THE COURT:  Those are complications caused by

20    the statute, which require things to be done in

21    72 hours -- or 72 days.  They don't take into

22    account the practical aspects of life.  They put a

23    figure down on a statute.  They say everybody jump

24    through the hoop.  So you may continue, Mr. Clark.

4

1          MR. CLARK:  Simply that we are acknowledging

2     that the lack of time to prepare either in

3     conference with my client or, in fact, to totally

4     review the statute for that matter, the petition or

5     the report attached thereto from the medical

6     examiner, which would ordinarily lead to some

7     preliminary matters that would be called.  For the

8     record, we believe that there has been such a

9     proceeding commenced when Mr. Lingle was released

10     from corrections.

11          THE COURT:  That doesn't mean anything to

12     this court without somebody here.  And secondly, I

13     don't know that that's controlling on this Court, if

14     it were true.

15          MR. CLARK:  I don't either, but I was just

16     simply stating the case.

17          THE COURT:  Go ahead.  Make it because we're

18     running out of time.

19          MR. CLARK:  We believe this case -- the

20     petition concerns itself with only matters

21     subsequent to that time.

22          THE COURT:  I don't know that that's true or

23     not.  I'm not ruling on that.  I would not say that

24     that is correct nor would I say it's wrong, but it's

1    means "a person who has been convicted of a sexually

2    violent offense, has been adjudicated delinquent for

3    a sexually violent offense, or has been found not

4    guilty of a sexually violent offense by reason of

5    insanity and who is dangerous because he or she

6    suffers from a mental disorder that makes it

7    substantially probable that the person will engage

8    in acts of sexual violence."  That's the legal

9    definition.  May continue.

10        MR. CLARK:  Your Honor, for the record my

11    only question was that the direct question led the

12    witness up to the question, is this man a sexually

13    violent person.  Answer, 'yes', of course, he is.  I

14    wondered what the man's understanding of a sexually

15    violent person was.  In other words, what are the

16    elements that fall within the statute and we heard

17    his answer.  That's the only purpose of my question.

18        THE COURT:  Okay.

19        MR. CLARK Q.  Who else was there, Dr. Shifrin

20    during the interview with Mr. Lingle?

21        A.  Doctor Michael Fogel.

22        Q.  Who is he, Dr. Fogel?

23        A.  Dr. Fogel is the program director of the

24    SVP Unit.

1    interview?

2        A.    That's correct.

3        Q.    Who asked the questions of Mr. Lingle?

4        A.    Both of us asked questions.

5        Q.    Who asked most of the questions --

6    literally all of the questions of Mr. Lingle?

7        A.    I would have a hard time being able to

8    give you an exact number of questions.

9        Q.    You wouldn't acknowledge that it was Dr.

10   Fogel that asked the bulk of the questions?

11       A.    Both Dr. Foggel and myself asked

12   questions.    I really cannot quantify how many

13   questions --

14       Q.    Do you have a script?

15       A.    -- or I could -- I'm sorry.

16       Q.    Did you have a script of questions for

17   conducting this interview?

18       A.    Yes.    I do have questions that were

19   previously written on a piece of paper that involve

20   assessing other actuarials?

21       Q.    And you saved that?    That could be

22   produced?

23       A.    Yes.

24       Q.    Was any transcript recording of this

1    IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT

2              MACOUPIN COUNTY, ILLINOIS

3

4

5

6        I, Barbara L. DeRochi, certify the foregoing

7    to be a true and accurate transcript of the

8    testimony and proceedings in the above-entitled

9    cause.

10

11                  Official Court Reporter
                    License # 084-002262

12

13

14

15

16

17

18

19

20

21

22

23    Dated this 24TH day

24    of March, 2004.

1           THE COURT:  Ask those folks.  They're the
2    ones who are the transporters.
3                       (Which was all the evidence offered
4                        and all other proceedings had in the
5                        hearing of the above cause.)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Exhibit No. 6

Letter to court appointed attorney, LARRY Clark,
dated 4/4/06.

1 page

April 4th, 2006
Lawence Lingle
401 S. Woodruff Rd.
Joliet, Il. 60432-6288

Mr. Larry F. Clark
Attorney at Law
209 N. East St.
Suite 104
Carlinville, Il. 62626

Ref. In re Lingle
#04 MR 04

Mr. Clark:

Please be advised that I received your missive of March 30, 2006, including the so-called "complete and accurate" Probable Cause hearing transcript. We both know that this transcript is neither complete nor accurate. Let us not try to claim it is. Between pages 35 and 36 of this said transcript the "lost" part of the transcript is gone. Where Dr. Shifrin admitted repeatedly that he based his evaluation "solely" on the basis of my "past record". You know that he said it in open court and so do I. That this law is so over-balanced in the favor of the state is not enough; but the court enters into a conspiracy to, illegally and without ethics, change this transcript that I cannot have a defense under the law. Now the question is what are you going to do about it? No wonder it took so long to get the transcript.
You are in my prayers.

Sincerely,

P.S. Please call me
imediately! LL

L. Lingle

Exhibit No. 7

Letter to Court Clerk dated 5/5/06

1 page

April 5th, 2006
Lawrence Lingle
401 Woodruff Rd.
Joliet, Il. 60432-1288

Mr. Mike Mathis
Circuit Clerk of.
  Macoupin County
Macoupin County Courthouse
Post Office Box 197
Carlinville, Il. 62626-0197

Ref. In re Lingle
#04 MR 06

Mr. Mathis:
    Please be advised that I recently received a transcript of the probable cause hearing in the instant and above cause. This transcript is missing a area between pages 35 and 36. Testimony that was given is not related and transcribed from that area and is of importance to be accurate and complete. This was a court ordered transcript. Please do not delay this transcript any ~~father~~ further for it has been months getting done. Thank you for your time and effort.

                    Sincerely
                    L. Lingle

Exhibit No.8


Court docket entry dated 4/24/06


5 pages

# MIKE MATHIS
**Circuit Clerk of Macoupin County**
**217-854-3211**



**MACOUPIN COUNTY COURTHOUSE**
**POST OFFICE BOX 197**
**CARLINVILLE, ILLINOIS 62626-0197**
**FAX 217-854-7361**

April 24, 2006

Lawrence Lingle #AO1397
C/O Dept. of Human Services
401 Woodruff Road
Joliet, IL  60432

Larry Clark
Attorney at Law
209 North East St., Ste 104
Carlinville, IL  62626

Matthew Hoppock
Assistant Attorney General
500 South Second Street
Springfield, IL  62706

Joyce Wubker
Assistant Attorney General
500 South Second Street
Springfield, IL  62706

Barb Snodgrass          ← Different Name than on
Court Reporter             Transcript certification
Macoupin County Courthouse
Carlinville, IL  62626

Vince Moreth
State's Attorney
Macoupin County Courthouse
Carlinville, IL  62626

# MIKE MATHIS

**Circuit Clerk of Macoupin County**
**217-854-3211**

**MACOUPIN COUNTY COURTHOUSE**
**POST OFFICE BOX 197**
**CARLINVILLE, ILLINOIS 62626-0197**
**FAX 217-854-7361**

RE: 04-MR-6  Lawrence Lingle AO1397

Notice to the Above:

Please be advised that the attached is a copy of a docket entry made and entered of record by the Honorable Judge Joseph P. Koval on April 24, 2006

"SEE ATTACHED"

Sincerely,

Mike Mathis
Circuit Clerk
MM: edf

# RECORD SHEET

Lawrence Lingle
IDOC# A01397

CASE #    04-MR-6

| Date | Judge & Reporter | Costs |
|------|------------------|-------|

4/10/06 JPK cc (ls)   Correspondence received from Mr. Lingle concerning
  transcript of proceedings.   Court notes there are at least 2 probable
  cause hearings in this case, and that before a Court Report can correct
  a transcript, Court Reporter should be advised of the date of the hearing.
  Clerk to forward copy of docket entry and correspondence to AAG Joyce
  Wubker, AAG Mathew Hoppcock, attorney Larry Clark and Court Reporter
  Barb Snodgrass and, forward copy of docket entry to Mr. Lingle.

4/24/06 JPK cc (ls)   Correspondence received from Mr. Lingle and filed
  of record.   Clerk to forward copy of said correspondence and docket
  entry to SA Moreth, attorney Larry Clark and to AAGs Joyce Wubker and
  Mathew Hoppcock and to Court Reporter Barb Snodgrass.   Clerk to forward
  copy of docket entry to Mr. Lingle.
       Court advises Mr. Lingle that he is represented by counsel, and
  his correspondence should be directed to his attorney and not to the
  Court.
       Court requests attorney Clark to review Mr. Lingle's correspondence
  and take whatever action he deems appropriate.

Exhibit No. 9

Court Docket entry dated  4/10/06

Court Docket entry dated  4/24/06

Statement in Response to Court Clerk dated 4/15/06

5 pages



# MIKE MATHIS
**Circuit Clerk of Macoupin County**
**217-854-3211**

MACOUPIN COUNTY COURTHOUSE
POST OFFICE BOX 197
CARLINVILLE, ILLINOIS 62626-0197
FAX 217-854-7361

April 24, 2006

Lawrence Lingle #AO1397
C/O Dept. of Human Services
401 Woodruff Road
Joliet, IL  60432

Larry Clark
Attorney at Law
209 North East St., Ste 104
Carlinville, IL 62626

Matthew Hoppock
Assistant Attorney General
500 South Second Street
Springfield, IL 62706

Joyce Wubker
Assistant Attorney General
500 South Second Street
Springfield, IL 62706

Barb Snodgrass
Court Reporter
Macoupin County Courthouse
Carlinville, IL  62626

*← Different Name than that on Transcript certification*

Vince Moreth
State's Attorney
Macoupin County Courthouse
Carlinville, IL  62626



# MIKE MATHIS

**Circuit Clerk of Macoupin County**
**217-854-3211**

MACOUPIN COUNTY COURTHOUSE
POST-OFFICE BOX 197
CARLINVILLE, ILLINOIS 62626-0197
FAX 217-854-7361



RE: 04-MR-6  Lawrence Lingle AO1397

Notice to the Above:

Please be advised that the attached is a copy of a docket entry made and entered of record by the Honorable Judge Joseph P. Koval on April 24, 2006

"SEE ATTACHED"

Sincerely,

Mike Mathis
Circuit Clerk
MM: edf

# RECORD SHEET

Lawrence Lingle
IDOC# A01397

CASE #  04-MR-6

| Date | Judge & Reporter | Costs |
|------|------------------|-------|

4/10/06 JPK cc (ls)  Correspondence received from Mr. Lingle concerning transcript of proceedings.  Court notes there are at least 2 probable cause hearings in this case, and that before a Court Report can correct a transcript, Court Reporter should be advised of the date of the hearing. Clerk to forward copy of docket entry and correspondence to AAG Joyce Wubker, AAG Mathew Hoppcock, attorney Larry Clark and Court Reporter Barb Snodgrass and, forward copy of docket entry to Mr. Lingle.

4/24/06 JPK cc (ls)  Correspondence received from Mr. Lingle and filed of record.  Clerk to forward copy of said correspondence and docket entry to SA Moreth, attorney Larry Clark and to AAGs Joyce Wubker and Mathew Hoppcock and to Court Reporter Barb Snodgrass.  Clerk to forward copy of docket entry to Mr. Lingle.

　　　　Court advises Mr. Lingle that he is represented by counsel, and his correspondence should be directed to his attorney and not to the Court.

　　　　Court requests attorney Clark to review Mr. Lingle's correspondence and take whatever action he deems appropriate.

**FILED**

APR 19 2006

*Clerk of the Circuit Court*
*Macoupin County, Illinois*

MACOUPIN COUNTY CIRCUIT COURT
STATE OF ILLINOIS

In Re Lawrence Lingle,          Case No. 2004-MR-6

STATEMENT IN RESPONSE TO
THE HONORABLE CIRCUIT COURT CLERK

That I, Lawrence Lingle, hereby swears under oath that the following is true and factual:

That, in cause number 04 MR 06 on the Macoupin County, Illinois, Circuit Court docket, and in entry therein dated April 10th, 2006, the following facts are entered and offered as testimony, of April 11, 2006, honorable Clerk's letter.

One: On February 25th, 2004, this defendant in the above cause did have a probable cause hearing in the said cause number 04-MR-06.

Two: That this addressed Macoupin County Circuit Court did file and order in a Motion to Dismiss, a court ordered probable cause transcript dated February 25th, 2004, and ordered court appointed attorney, Mr. Larry F. Clark, to brief same - said Motion to Dismiss in Justice Joseph P. Koval's court.

Page 1 of 2

STATEMENT IN RESPONSE

THREE: That this defendant, Lawrence Lingle, did receive a 54 page copy of this said probable cause transcript, signed and sworn to be complete and accurate, from the said Larry F. Clark.

FOUR: That the below signed defendant, Lawrence Lingle, did discover that testimony offered in open court is missing from that said probable cause transcript and "obviously" is missing between pages 35 and 36.

FIVE: That the said missing testimony was of one Dr. Craig Shifrin, state's witness, stating repeatedly that he did base his evaluation of the defendant solely on the basis of the defendant's past record.

That the afore-stated is true and factual.

Respectfully submitted,

Sworn upon signature this 15th day of April, 2006.

Signed: _Lawrence Lingle_

Lawrence Lingle

CC..

Mr. Mike Mathis
Hon. Court Clerk
  ORIGINAL COPY

Mr. Larry F. Clark
Attorney

L. Lingle                           Page 2 of 2

Exhibit 10

Court Docket Entry dated

4/10/06
4/24/06
6/22/06

2 pages

# MIKE MATHIS

**Circuit Clerk of Macoupin County**
**217-854-3211**



MACOUPIN COUNTY COURTHOUSE
POST OFFICE BOX 197
CARLINVILLE, ILLINOIS 62626-0197
FAX 217-854-7361

June 22, 2006

Larry Clark
Attorney at Law
209 N. East St.
Suite 104
Carlinville, IL  62626

Matthew Hoppcock
Assistant Attorney General
500 South Second St.
Springfield, IL  62706

Lawrence Lingle   #AO 1397
c/o Dept. of Human Services
RR 1  Box 6A
Horney Branch Road
Rushville, IL  62681

Tom Monahan
Director of IDHS
RR 1  Box 6A
Horney Branch Road
Rushville, IL  62681

RE:  2004-MR-6   In Re of the Commitment of Lawrence Lingle

**MIKE MATHIS**

**Circuit Clerk of Macoupin County**

**217-854-3211**



**MACOUPIN COUNTY COURTHOUSE**
**POST OFFICE BOX 197**
**CARLINVILLE, ILLINOIS 62626-0197**
**FAX 217-854-7361**

Notice to the Above:

Please be advised that the attached is a copy of a docket entry made and entered of record by the Honorable Judge Joseph P. Koval on June 22, 2006, in re of the above entitled matter.

"SEE ATTACHED"

Sincerely,

Mike Mathis
Circuit Clerk

MM:tab

Attachment

# RECORD SHEET

Lawrence Lingle
IDOC# A01397

**CASE #** _ 04-MR-6 _

| **Date** | **Judge & Reporter** | Costs |
|---|---|---|

4/10/06 JPK cc (ls)   Correspondence received from Mr. Lingle concerning transcript of proceedings.  Court notes there are at least 2 probable cause hearings in this case, and that before a Court Report can correct a transcript, Court Reporter should be advised of the date of the hearing. Clerk to forward copy of docket entry and correspondence to AAG Joyce Wubker, AAG Mathew Hoppcock, attorney Larry Clark and Court Reporter Barb Snodgrass and, forward copy of docket entry to Mr. Lingle.

4/24/06 JPK cc (ls)   Correspondence received from Mr. Lingle and filed of record.  Clerk to forward copy of said correspondence and docket entry to SA Moreth, attorney Larry Clark and to AAGs Joyce Wubker and Mathew Hoppcock and to Court Reporter Barb Snodgrass.  Clerk to forward copy of docket entry to Mr. Lingle.
  Court advises Mr. Lingle that he is represented by counsel, and his correspondence should be directed to his attorney and not to the Court.
  Court requests attorney Clark to review Mr. Lingle's correspondence and take whatever action he deems appropriate.

6/22/06 JPK cc (ls)   Cause called for pre-trial conference.  Present respondent in custody of Dept. Of Human Services and with his attorney, Larry Clark; AAG Patrick O'Brien on behalf of AAG Mathew Hoppcock.  Statements made for the record.  Jury trial set July 10, 2006 is cancelled on motion of respondent.  Respondent indicates his current address is Dept. Of Human Services, R.R.#1 Box 6A, Horney Branch Rd., Rushville, IL 62681.  Cause reset for jury trial on October 23, 2006 at 9:00 a.m. and for pre-trial conference on October 2, 2006 at 9:00 a.m.  Court rules on parties to file all Motions within 60 days of today's date with response to the Motions to be filed within 30 days after receipt. Court requests Dept. Of Human Services to deliver Mr. Lingle to Macoupin County on October 2, 2006 at 9:00 a.m.  Written Order entered and delivered to representatives.  Respondent remanded to the custody of IDHS.  Clerk to forward copy of docket entry to respondent, attorney Larry Clark, AAG Mathew Hoppcock and to Tom Monahan, Director of IDHS at the Rushville facility.

Exhibit EU

Motion to Dismiss Appointed Attorney

1 page

Macoupin County Circuit Court
Seventh Judicial Circuit
Carlinville, Illinois

--------------------------------------------------------------------------------

Re: Lingle                              )                Case No: 04MR06
    Defendant,                          )
                                        )

--------------------------------------------------------------------------------

Motion to Dismiss Appointed Attorney and Proceed in my Own Proper Person

--------------------------------------------------------------------------------

That the petitioner, Lawrence Lingle, does swear that the following to be true and factual.

(1) That the petitioner is the defendant in this case

(2) That on February ,25th 2004 one attorney Larry Clark of 209 North East Street, suite 104 Carlinville Illinois was appointed to this action by justice Joseph P, Koual.

(3) That the said attorney Clark will now be called before the court as a material witness necessary to the defense., that is will be a conflict of interest for said attorney. That said attorney refuses to bring this motion before this court.

(4) That attorney Larry Clark has conflict of interest in this cause of action and cannot proceed as a attorney for the defendant.

(5) That the petitioner does motion before the court that another attorney or para-legal be appointed to help petitioner proceed as his own attorney in this cause of action.

Respectfully,

*Lawrence Lingle*
Lawrence Lingle

Exhibit 22

Court docket Entry dated  7/7/05

**MIKE MATHIS**
**Circuit Clerk of Macoupin County**
**217-854-3211**



MACOUPIN COUNTY COURTHOUSE
POST OFFICE BOX 197
CARLINVILLE, ILLINOIS 62626-0197
FAX 217-854-7361

July 5, 2006

Larry Clark
Attorney at Law
209 N. East St.
Suite 104
Carlinville, IL  62626

Matthew Hoppcock
Assistant Attorney General
500 South Second St.
Springfield, IL  62706

Lawrence Lingle   #AO 1397
c/o Dept. of Human Services
RR 1  Box 6A
Horney Branch Road
Rushville, IL  62681

Tom Monohan
Director of IDHS
RR 1  Box 6A
Horney Branch Road
Rushville, IL  62681

RE:  2004-MR-6   In Re of the Commitment of Lawrence Lingle

# MIKE MATHIS
### Circuit Clerk of Macoupin County
### 217-854-3211



**MACOUPIN COUNTY COURTHOUSE**
**POST OFFICE BOX 197**
**CARLINVILLE, ILLINOIS 62626-0197**
**FAX 217-854-7361**

Notice to the Above:

Please be advised that the attached is a copy of a docket entry made and entered of record by the Honorable Judge Joseph P. Koval on June 26, 2006, in re of the above entitled matter.

"SEE ATTACHED"

Sincerely,

*Mike Mathis*

Mike Mathis
Circuit Clerk

MM:tab

Attachment

7/7/05 JPK bls (ls)  Motion To Dismiss Appointed Attorney And Proceed
   In My Own Proper Person presented by defendant by Lawrence Lingle,
   pro se, and filed of record. Clerk to forward copy of Motion and docket
   entry to attorney Larry Clark and AAG Mathew Hoppcock.  Said Motion
   set for hearing August 23, 2006 at 9:00 a.m.  Court requests Dept.
   of Human Services transport Lawrence Lingle to Macoupin County for
   hearing in Carlinville, IL.  Clerk to forward copy of docket entry
   to Lawrence Lingle and Tom Monohan, Director DHS, Rushville, IL.

Exhibit No. 13

Letter to Chief Justice, Illinois Supreme Court
Reply from Illinois Supreme Court

3 pages

Page 1 of 5
Copy

June 22, 2006
Lawrence Lingle
DHS/TDF
R.R. #1 / P.O. Box 6A
Horny Branch Road
Rushville, Il. 62681

The Honorable
Chief Justice
Illinois Supreme Court
Supreme Court Building
200 E. Capital Building
Springfield, Il. 62701

Your Honor:
I am a detainee at the Department of Human
Services Treatment and Detention Facility
as above addressed. For 2½ years I have
been detained pending due process in
Macoupin County Circuit Court under cause
number 04 MR 06, Judge Joseph P. Koval,
presiding.
On February 25, 2004, I participated in a
probable cause hearing in said instant
action. At this probable cause hearing a
Dr. C. Shifrin gave testimony which made
probable cause void under the law.
During the next 2½ years I have attempted
to bring the facts before the court via my
court appointed attorney, Larry Clark,

Page 2 of 3: Chief Justice, Il. Sup. Ct., 6/22/06

Copy

of Carlinville. On or about August 30, 2004, I filed pro se in the court at Macoupin County in these issues. The said Judge Koual had this marked filed finally on November 24, 2004, after I complained of the filing delay. The said Judge Koual ordered the probable cause transcript and ordered my appointed attorney to brief my motion to dismiss immediately thereafter. For the next 1½ years I waited for this 54 page probable cause transcript. Upon March 30, 2006, the appointed attorney sent me a copy of the probable cause transcript and his first letter to me. I have wrote hundreds of pages regarding this case without reply from my appointed attorney. Upon review of this of this probable cause transcript, certified to be accurate and complete, it is immediately obvious that between pages 35 and 36 there is transcription missing, and this transcription missing is the very testimony missing that I have complained of in Motion to Dismiss. Your Honor, in accordance with the law probable cause should not have been found in this action and that is what is gone from the transcript. All of this, Your Honor, is documented,
"

3:06-cv-03202-HAB-CHE #1-3 Page 39 of 44

including the obviously missing part of
this probable cause hearing transcript.
I am not a lawyer and my court
Appointed lawyer has done nothing
regarding these matters. How do I get
an hearing in law, or/and an investiga-
tion of these concerns, which is fair
and impartial?

Respectfully,

_L. Jingle_



# SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

July 18, 2006

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. Laurence Lingle
Department of Human Services -
 Treatment and Detention Facility
R.R. #1, P. O. Box 6A
Rushville, Illinois  62681


Dear Mr. Lingle:

Your letter to Chief Justice Robert Thomas, received July 3, 2006, has been referred to this office for reply.  Judges in the State of Illinois are precluded by the Code of Judicial Conduct from initiating, permitting, or considering *ex parte* communications or considering other communications made to the judge outside the presence of the parties concerning a pending or impending court proceeding. Furthermore, neither the Court nor this office can give legal advice or legal assistance.

In the event you wish to file a formal complaint against your attorney, we are enclosing with this letter an "ARDC Information Guide".  This pamphlet contains helpful information about the Attorney Registration and Disciplinary Commission, as well as a "Request for an Investigation of a Lawyer" form, which would be used to file a complaint against an attorney.


Very truly yours,

Juleann Hornyak
Clerk of the Supreme Court


JH/jak
Enclosure



### State of Illinois
### Department of Human Services
### Treatment and Detention Facility
## LEGAL PHOTOCOPY REQUEST FORM

**Please submit this form for approval of legal photocopies prior to 5:00 pm on the night preceding material pickup.**

I, ___L. Lingle_____, authorize the DHS/TDF staff
      (Resident's Name)

to deduct points totaling _____ from my Community Living System

account for a total of ___55x2 (110)___ photocopies. (0.20 points per page).

Or

To withdraw $_22⁰⁰__ from my trust fund account (attach 623B)

___L. Lingle_____          ___7/23/06_____
Resident's Signature                          Date

**Copy Request:**
    ☐ **Approved**
    ☐ **Denied**
    **Reason:**_____

I, _____ received _____ copies.  Date:_____
    (Resident Signature)

Witness:_____          Date:_____
    (Staff's Signature)

**Original: Commissary**      **Copy: Resident**

IL462-5008 (N-7-04) Ⓔ

No Reply
Verbal denial - Told copy services
        Not available  7/25/06

ILLINOIS DEPARTMENT OF HUMAN SERVICES/TDF
RESIDENT REQUEST FORM

RESIDENT NAME: _L. Lingle_    DHS# _377063_    DATE: _7/23/06_

UNIT            ROOM#

ADDRESS ALL REQUESTS TO PROPER DHS STAFF PERSONNEL

ATTENTION: _Trust Fund Office_

A. I WISH TO BE INTERVIEWED REGARDING: _____

_____

_____

_____

_____

OR

B. AN INTERVIEW IS NOT NECESSARY BUT I WOULD LIKE: _A trust fund accounting_
_for one year for court purposes._

_____

_____

RESIDENT SIGNATURE: _[signature]_

**STAFF RESPONSE**

DATE REQUEST RECEIVED: _____

ACTION TAKEN/STAFF RESPONSE: _____

_____

_____

_____

STAFF SIGNATURE: _____    DATE: _____

_Advised that trust fund office is not yet_
_"Up And Running"._

REV.12/03rsh

*L'l Request*



**State of Illinois**
**Department of Human Services**
**Treatment and Detention Facility**
## LEGAL PHOTOCOPY REQUEST FORM

Please submit this form for approval of legal photocopies prior to 5:00 pm on the night preceding material pickup.

I, ___L. Lingle_____, authorize the DHS/TDF staff
<span style="font-size:small">(Resident's Name)</span>

to deduct points totaling _____ from my Community Living System

account for a total of _____ photocopies. (0.20 points per page).

Or

To withdraw $_____ from my trust fund account (attach 623B)

_____        ___8/22/06___
**Resident's Signature**                    **Date**

---

## Copy Request:
☐ **Approved**
☐ **Denied**
**Reason:**_____

I, _____ received _____ copies.  Date:_____
<span style="font-size:small">(Resident Signature)</span>

Witness:_____        Date:_____
<span style="font-size:small">(Staff's Signature)</span>

**Original: Commissary**        **Copy: Resident**

IL462-5008 (N-7-04) Ⓔ

*Same Reply as previous
Copy Not Available*



# State of Illinois
## Department of Human Services
## TRUST FUND DISBURSEMENT AUTHORIZATION AND WITHDRAWAL

_TDF_

Facility

## PART A:

| Date: 8/22/06 | ID#/Account Number: 377063 |
|---|---|
| Name (print): L. Lingle | |

I hereby authorize the withdrawal of the following amount to be used for the stated purpose as shown. This authorization will be honored only if presented to the trust fund within seven days after the date shown above. (Form must be completed in ink and any changes or erasures must be initialed by the person authorizing the withdrawal as well as the witness.)

_L. Lingle_

Individual _____     OR

_____
Legally authorized designee

_____
Relationship of designee to individual

_____
Witness

Please issue: [ ] Cash     [ ] Check     [ ] Purchase order

In the amount of $ _____     Payable to: _____ for the
purpose of: _____ [ ] Spending money   [X] Other: (specify expenditure) _Legal copy_ _____

Program: _____     Living Unit: _____     Telephone: _____

## PART B.                    TRUST FUND OFFICE ONLY

| Transaction code no.: | Cash: | Check: | Check Number: |
|---|---|---|---|
| Amount disbursed: | | Date of disbursement: | |
| Issued by: | | Received by: | |
| Description/explanation: | | | |
| Posted by: | | Date: | |
| Audited by: | | Date: | Document number: |

(formerly DMHDD-623B)
IL462-0623B (R-3-99)

_Same Reply As previous_
_Copy Not Available_