UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARWENCE LINGLE,

      Plaintiff,

v.                                                                                          06-CV-3200

BARBARA L. DeROCHI,
  in her official and personal
  capacity,
      Defendant.

### Order on Petition to Proceed In forma Pauperis

    The plaintiff is being civilly detained under the Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*. He is being held in the Illinois Department of Human Services' Detention and Treatment Facility in Rushville, Illinois.

    The Prison Litigation Reform Act arguably does not apply to civil detainees. *See* 28 U.S.C. § 1915(h)(defining prisoner as person incarcerated or detained who is "accused of, sentenced for, or adjudicated delinquent for, violations of criminal law . . .); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004). However, the plaintiff seeks leave to proceed *in forma pauperis*, and the court must dismiss a case proceeding *in forma pauperis* if the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Accordingly, the court will grant leave to proceed *in forma pauperis* only if the Complaint states a claim on which relief may be granted.

*Allegations*

    The plaintiff's *pro se* complaint is liberally construed, taking his allegations as true and liberally construing them. *Haines v. Kerner*, 404 U.S. 519 (1972). The court will deny leave to proceed in forma pauperis only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

    The sole defendant is Barbara DeRochi, the official court reporter at the Macoupin County Courthouse in Illinois.

    On February 25, 2004, a probable cause hearing was held in Macoupin County Court regarding the plaintiff's civil commitment. Defendant DeRochi was the court reporter for the hearing, and, as such, had a duty to accurately and timely transcribe the sworn testimony of Dr. Craig Shifrin.

Despite the plaintiff's repeated efforts and two court orders, DeRochi did not provide a transcript of the February 25th hearing until more than two years after the hearing, though the transcript was only 54 pages. When it was finally produced, the transcript contained obvious omissions and inaccuracies. In particular, the transcript did not fully and accurately record Dr. Shifrin's testimony. DeRochi amended the transcript, but the amended version suffered from the same problems.[1]

The plaintiff maintains that the transcript inaccuracies made the probable cause hearing constitutionally void. He asserts that "due to the transcription delay, and due to direct and indirect interference [sic] in filing and in delivery of the said transcript, . . . the plaintiff is being denied his freedom illegally and unconstitutionally in being denied fair and impartial hearing, equal protection and due process of law by virtue of deliberate and deliberated actions of others, and/or by conspiracy of persons in the Illinois Attorney General's Office prosecuting and/or official actors in the court." (Complaint p. 5).

For his relief, the plaintiff asks that the court:

Find and depose Dr. Craig Shifrin. Injunctive relief preserving evidence held by defendant Barbara L. DeRochi, the court of Macoupin County, and Attorney Larry Clark. Expediated [sic] civil rights violation investigation. Scientific examination of the hearing transcription and machine used. To not further than necessary deny the plaintiff's freedom. Any and all relief deemed conclusive to justice and law and constitution by this honorable addressed court. (Complaint p. 6).

*Analysis*

Individuals "challeng[ing] the fact or duration of their confinement" must pursue their challenge under the federal habeas statute, not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000), *citing Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Persons civilly confined as sexually violent persons have the habeas route available to them to challenge that confinement. *See, e.g., Varner v. Monohan*, 460 F.3d 861 (7th Cir. 2006)(example of SVP detainee challenging civil commitment through habeas corpus).

The court will not address the merits of the plaintiff's claims because those claims necessarily challenge the validity of his confinement. The plaintiff alleges that DeRochi's failure to timely and accurately transcribe his civil commitment hearing caused his current unconstitutional confinement. His challenge to the constitutional validity of that hearing is

---

[1] The current status of the proceedings in Macoupin County court is not in the record–it appears from the attachments that a jury trial was scheduled for October 2006. (Record Sheet attached to Complaint, 6/22/06 entry, p. 29 of attachment #2 in electronic docket).

2

obvious from the relief he seeks: to depose Dr. Shifrin and "not further than necessary deny [his] freedom." Accordingly, his claims cannot be pursued through a 42 U.S.C. § 1983 action at this time. *See Rogers v. IDOC Special Evaluation Unit*, 160 F.Supp.2d 973, 977 (N.D.Ill)(civil detainees' equal protection challenge under § 1983 to prosecution under SVPCA dismissed because it implied invalidity of confinement); s*ee also Amos-El v. Mullin*, 2006 WL 2024208 (S.D. Ind.)(dismissing claims that court reporter mishandled transcripts in criminal trial because claims challenged validity of conviction).

The court hastens to add that it is not saying the plaintiff has a viable habeas corpus action. The plaintiff should consider carefully the consequences of filing a habeas corpus action.[2] For example, habeas corpus actions have strict time limits and require exhaustion of state remedies. *See* 28 U.S.C. § 2254. It appears that the plaintiff's state remedies may not be exhausted–the court does not decide the matter but only points it out as a cautionary note. Habeas petitioners are, for the most part, limited to bringing one habeas corpus petition. *See* Rule 9 governing 28 U.S.C. § 2254 cases. Further, to succeed on the merits in a habeas action the plaintiff must show that the state's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Schaff v. Snyder*, 190 F.3d 513 (7th Cir. 1999).

IT IS THEREFORE ORDERED that the plaintiff's petition for leave to proceed *in forma pauperis* is denied. The complaint is dismissed, without prejudice, for failure to pay the filing fee and this case is closed.

Entered this   16th    Day of    November      , 2006.

**s/Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[2]For that reason, it is not appropriate for the court to convert this case to a habeas corpus action. *See Moore v. Pemberton*, 110 F.3d 22, 23-34 (7th Cir. 1997)(discussing differences in section 1983 and habeas actions); *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).